Filed 7/22/21  P. v. Pedroza CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN ANGEL PEDROZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B308405<br>(Super. Ct. No.  PA092366)<br>(Los Angeles County) |

Justin Pedroza appeals from the judgment after he pled no contest to attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)) and admitted a gang allegation (§ 186.22, subd. (b)(1)(C)).

In February 2019, a man was shot twice.  A woman across the street saw the shooter run through a parking lot.  She noticed the shooter had a mustache, had a tattoo under his right eye, and was wearing a black hoodie.

---

[1] Further unspecified statutory references are to the Penal Code.

Several witnesses described the shooter as having tattoos on his face consisting of multiple letters. An officer, who was familiar with Pedroza through prior contacts, suspected Pedroza was the shooter based on the description. The officer spoke to the woman across the street and showed her a booking photo of Pedroza. The photo showed that Pedroza had the letters "CL" and "OB" under each eye, and the letters "SP" under his chin. He "zoom[ed] into" Pedroza's chin tattoo and asked her if she recognized it; she said "Yes."

The woman later participated in a six-pack photo-lineup. Before showing the woman the lineup, the officer told her that he believed the shooter was one of the men in the photos. All of the photos in the lineup depicted men with the same face tattoos, but the woman noticed that the tattoos were "drawn on" some of the photos. The woman identified Pedroza as the shooter in the lineup.

Pedroza moved to suppress the photo identification, arguing that the identification process was unduly suggestive. The court denied the motion. The court stated that the test to determine whether a witness identification process violated due process rights is a two-step process. Although the court noted that the first step, i.e., whether the identification process was unduly suggestive, was a "close call," it based its decision on the second step, i.e., whether the identification was reliable. The court found the identification was reliable because the woman "said she had a very good visual," the identification happened a short time after the crime, she did not show uncertainty when she identified Pedroza in the photo lineup, and the lineup was accompanied by an admonition.

2

After the motion was denied, Pedroza pleaded no contest to attempted murder and admitted the gang allegation. The court sentenced him to 15 years in state prison (five years for attempted murder and 10 years for the gang enhancement).

We appointed counsel to represent Pedroza in this appeal. After counsel's examination of the record, counsel filed an opening brief raising no issues. On May 19, 2021, we advised Pedroza that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. We have not received a response.

We have reviewed the entire record and are satisfied that counsel has fully complied with their responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:



GILBERT, P. J.



PERREN, J.

Michael Terrell, Judge

Superior Court County of Los Angeles

_____

Robert L. Hernandez, under appointment by the
Court of Appeal, for Defendant and Appellant.
No appearance for Plaintiff and Respondent.